IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMION FIELDS,<br>        Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 17-1043 |
| PENNSYLVANIA BOARD OF PROBATION<br>AND PAROLE, et al.,<br>        Respondents | )<br>)<br>)<br>) |

## ORDER

On November 2, 2017, Petitioner, Damion Fields, filed a motion in which he requested "a copy of the D.O.C. file and also a copy of the whole parole file that was sent in. And a whole discovery in this case." (ECF No. 10). On November 7, 2017, a text order was entered, which granted this motion, stating that Respondents should provide him a copy of the D.O.C. file, if they have not already provided it. (ECF No. 11.) On November 7, 2017, Respondents, the Pennsylvania Board of Probation and Parole, et al., filed a motion for reconsideration (ECF No. 8). On November 8, 2017 an order was entered (ECF No. 13), which granted the motion and modified the text order entered on November 7, 2017 to clarify that Respondents were required to send Petitioner only a copy of the answer and any exhibits attached thereto (ECF No. 7) that they filed in this case on October 18, 2017, if they had not already done so, but in all other respects, Petitioner's motion (ECF No. 10) was denied.

On November 27, 2017, Petitioner filed another motion to compel (ECF No. 14), in which he again requested numerous documents (reports of interviews in 2012, 2015, 2016, 2017, scores of assessment tools used to determine his risk of violence, psychological evaluations, reports from his parole agent, notes from hearing examiner's interviews) that he contends relate to his parole consideration. On February 6, 2018, Petitioner filed another document, which was docketed as a supplement, in which he asks the Court to "order the Parole Board to send me the information I seek so that I can show my rights have been violated." (ECF No. 17.) On February 16, 2018, Respondents filed a brief in opposition to

Petitioner's motion (ECF No. 19).

Respondents contend that: 1) there is no absolute right to discovery in habeas corpus actions, and the burden is on Petitioner to demonstrate "good cause" for his requests, which cannot be used to develop his claims because he is required to plead facts in support of them; 2) to the extent he is requesting documents to support his claim that Board members improperly asked him about assaulting the victim (because he was not charged or convicted of assault), the Board has supplied the probable cause affidavit which may have formed the basis for the members' inquiry, which was permissible; 3) to the extent he is requesting all of the documents the Board relied on in denying him parole, some of the documents are confidential and barred from public disclosure; and 4) when the Board provides facially valid reasons for denying parole (as here), the Court need not delve beyond these reasons.

Rule 6 of the Rules Governing § 2254 Cases in the United States District Courts requires a petitioner to demonstrate "good cause" for conducting discovery. The Court of Appeals for the Third Circuit has held that "bald assertions and conclusory allegations … [do not] provide a basis imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). In this case, Petitioner has provided only one potential basis for engaging in discovery, namely his claim that the Board members improperly asked him about assaulting the victim. (ECF No. 1 at 6.) He argues that he was not charged or convicted of assault, but rather was convicted of rape and corruption of minors.

As Respondents note, however, they have responded to this claim by providing the probable cause affidavit, which described how the victim reported that she "had a fractured nose and bruises on her stomach and back." (ECF No. 7-1 at 4.) Thus, to the extent that Petitioner seeks documents that would establish a basis for the Board inquiring about whether he assaulted the victim, the Board has supplied such documentation. Beyond this point, Petitioner has not provided a basis for conducting discovery. To the extent that he is requesting leave to search for possible claims, that is not the purpose of discovery.

A Board regulation provides that:

> Records, reports and other written things and information, evaluations, opinions and voice recordings in the Board's custody or possession touching on matters concerning a probationer or parolee are private, confidential and privileged; except that a brief statement of the reasons for actions by the Board granting or refusing a parole will at all reasonable times be open to public inspection in the offices of the Board.

37 Pa. Code § 61.2.

In this case, the Board has provided Notice of its decision dated May 20, 2015, in which Petitioner was denied reparole because of:

Your need to participate in and complete additional institutional programs.

Your risk and needs assessment indicating your level of risk to the community.

The negative recommendation made by the Department of Corrections.

Your prior unsatisfactory parole supervision history.

Reports, evaluations and assessments/level of risk indicates your risk to the community.

Your lack of remorse for the offense(s) committed.

(ECF No. 7-1 Ex. E at 1.) Similarly, on June 15, 2016, the Board denied Petitioner reparole on the following grounds:

Your risk and needs assessment indicating your level of risk to the community.

Reports, evaluations and assessments/level of risk indicates your risk to the community.

Your minimization of the nature and circumstances of the offense(s) committed.

Your lack of remorse for the offense(s) committed.

(ECF No. 7-1 Ex. E at 3.) And the Board issued a similar decision on May 18, 2017 (ECF No. 7-1 Ex. E at 5.)

Thus, the Board provided the required statement of the reasons for denying him parole, and he is not entitled to any other documents. See Stewart v. Pennsylvania Bd. of Probation and Parole, 714 A.2d 502, 506-07 (Pa. Commw. 1998); Weaver v. Pennsylvania Bd. of Probation and

<u>Parole</u>, 688 A.2d 766 (Pa. Commw. 1997).

AND NOW, therefore, this 7th day of March, 2018,

IT IS HEREBY ORDERED that the motion to compel filed by Petitioner (ECF No. 14) is denied.

<u>s/Robert C. Mitchell</u><br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

cc: Damion Fields
      EE-1432
      SCI Greene
      175 Progress Dr.
      Waynesburg, PA 15370