IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAMION FIELDS, EE-1432,  )
    Petitioner,  )
                      )
    v.  )   2:17-cv-1043
                      )
PA. BOARD OF PROBATION AND  )
PAROLE, et al.,  )

MEMORANDUM and ORDER

Damion Fields, and inmate at the State Correctional Institution Coal Township has presented a petition for a writ of habeas corpus (ECF. No. 1). For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Fields is presently serving a 7 ½ to 20 years sentence and a 1 ½ to five year sentence imposed following his conviction by a jury of rape and corruption of minors at No. 10459 of 1999 in the Court of Common Pleas of Lebanon County, Pennsylvania. This sentence was imposed on February 23, 2000.[1] He now seeks to challenge the action of the Pennsylvania Board of Probation and Parole ("the Board") in denying his release on parole. Specifically, he contends:

> I've had interviews with the Parole Board about 10 times. I was paroled in 2012. I violated in 2014. I've seen the Parole Board every year after that to be re-paroled in 2015, 2016 and 2017. In 2016 and 2017 I had support of the D.O.C. to be re-paroled and all psychological reports support. The interviewer turned the interview into an interrogation when his line of core questions was focus on physical assault… I've done all that was ask[ed] of me from the Parole Board and the D.O.C. I have 15 programs done all dealing with thinking, impulse control and risk factors. On my own self-help I've done extensive self-improvements through educational and vocational advancements as well as therapy and a little more than 10 years of disciplinary free incarceration…

---
[1] See: Petition at ¶¶ 1-6.

>  Miranda rights violation in the interview with the Parole Board they interrogated me about a[n] assault that I didn't do. I never hit the victim…[2]

Appended to the response (ECF No.7) are the statements of the Board following various parole hearings. Following a hearing on December 19, 2014, the Board recommitted the petitioner as a technical and convicted parole violator with a parole maximum date of May 15, 2026 (Ex.D). On May 20, 2015 another hearing was held at which time release was denied and it was concluded that Fields had to participate and complete additional institutional programs, was not recommended for release by the D.O.C., his prior unsatisfactory parole history, the risk to the community and his denial and lack of remorse for the offenses (Ex.E). Following a hearing conducted on May 18, 2017 parole was again denied on the bases of risk to the community, unsatisfactory parole history and minimization/denial and lack of remorse for the offenses. (Ex. E).

Fields now comes before this Court and contends that he continues to remain incarcerated in violation of the due process and equal protection clauses.[3] These claims have not been presented to the Commonwealth courts but in Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir.2005), cert. denied 545 U.S. 1149 (2005) it was held that "we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion" (footnote omitted).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the

---

[2] See: Petition at ¶ 12.
[3] Id.

2

institution and not on some arbitrary basis such race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The applicable Pennsylvania law is set forth in 61 Pa.C.S.A. §6138(a):

(1) A parolee under the jurisdiction of the board released from a correctional facility, who, during the period on parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty … or to which the parolee pleads guilty or nolo contendere at any time, thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted, and *shall be given no credit for the time at liberty on parole.* (emphasis added).

Thus, the record clearly demonstrates that Field's continued incarceration is not the result of a violation of any federally protected rights. The calculation of his sentence is fully supported by the record here based on his conduct within and without the prison,

Because the petitioner has failed to demonstrate that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of those determinations he is not entitled to relief here. For this reason, the petition of Damion Fields for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

Filed: June 21, 2018

ORDER

AND NOW, this 21st day of June 2018, for the reasons set forth in the foregoing Memorandum, the petition of Damion Fields for a writ of habeas corpus (ECF No.1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

If any party desires to appeal this determination, a notice of appeal must be filed within thirty (30) days of this Order as required by Rule 4(a)F.R.App.P.

s/ Robert C. Mitchell<br>United States Magistrate Judge